## STATE ex rel. WILKE et al. v. STEIN et al.

### Motion No. 7252; No. 7774.

Court of Civil Appeals of Texas. Austin.

Feb. 24, 1932.

See also (Tex. Civ. App.) 18 S.W.(2d) 204; (Tex. Com. App.) 26 S.W.(2d) 182, and 136 S. W.(2d) 698.

Will A. Morriss, Jr. (of Morriss & Morriss), of San Antonio, for appellants.

A. N. Moursund, of San Antonio, and A. P. C. Petsch and H. H. Sagebiel, both of Fredericksburg, for appellees.

McCLENDON, C. J.

Motion to strike out question and answer statement of facts because the requirement of R. S. art. 2238 as amended by chapter 135 (p. 228), Gen. Laws Reg. Session 42nd Leg. 1931 (repealed and re-enacted, see Acts 1931. 1st Called Sess. c. 34 [Vernon's Ann. Civ. St. art. 2238]), that it be filed by the court reporter and notice thereof given to appellees' attorney prior to approval by the trial judge was not complied with.

The affidavits of the respective attorneys, while presenting some conflicts which we deem immaterial, clearly show a bona fide effort on the part of appellants' attorney to comply with the statute, and a waiver by appellees' attorney of the specific objection urged in this court. The motion will therefore be overruled.

In view of some of the language of this amended article, we deem it advisable to give our views as to its proper construction.

The article as amended reads: "When any party to any suit reported by any such reporter shall desire a transcript of the reporter's notes of the evidence in said suit, said party may apply for the same and such stenographer shall thereupon file an original and duplicate copy thereof in question and answer form among the papers of said cause, and it shall be made the duty of the Court, if the transcript be found to be correct, to approve the same; provided, however, before approving same, notice of the filing shall be given to the interested parties, who may make objections thereto, and any objections, if found to be material and well-founded, shall be allowed. If said transcript is thus approved and signed by the Judge, the same shall be filed among the papers of said cause and become a record therein, but not to be recorded."

The article clearly requires: (1) Filing by the court reporter of transcript of his notes in duplicate; (2) notice thereof to the parties; (3) objections, if desired, by the parties; (4) allowance or rejection of such objections by the judge; (5) approval by the judge. Thereupon the transcript becomes a record in the case. The only confusion that might arise in construing the article is the requirement in the last sentence that "same shall be filed among the papers of said cause." This would appear to require two filings, the necessity for which is not apparent. Certainly this requirement cannot be construed as doing away with the previous requirement of filing by the court reporter, notice thereof, etc.

The procedure thus provided for appears to us to have two purposes: (1) Preservation of the integrity of the reporter's notes, in that they are filed by him and cannot thereafter be changed except with the judge's approval; and (2) obviation of the necessity of negotiation and efforts toward agreement between counsel concerning the contents of the statement of facts, which has heretofore proved a prolific source of controversy, and in some instances has resulted in a miscarriage of justice.

■ That these provisions, other than the ultimate approval of the judge, may be waived by the parties, either expressly or by implication, we have no doubt.

Omitting immaterial conflicts in the affidavits of attorneys, the following facts appear without dispute:

■ The case was tried in Gillespie county. The district judge lived in Mason county. The negotiations regarding the statement of facts were conducted between Will A. Morriss, Jr. (of the firm of Morriss & Morriss), of San Antonio, attorney for appellants, and Hon. A. N. Moursund of San Antonio, and Hon. A. P. C. Petch and H. H. Sagebiel, of Fredericksburg, attorneys for appellees. About the 5th or 6th of October, 1931, the court reporter delivered duplicate copies of his notes to Morriss. The latter delivered

one copy to Moursund, who advised Morriss he did not feel authorized to agree to it, but would make a hasty examination of it, which he did and returned it to Morriss on October 8th, pointing out the omission of certain documentary evidence, maps, etc. Morriss took the copy to Fredericksburg the following day and after conferring with appellees' counsel there and supplying the documents, etc., left the copy with them, with the understanding that they would submit it to Moursund for his agreement. October 13th Moursund returned the copy to Morriss with a letter reading:

"We have examined the stenographer's transcript, and duplicate of the evidence taken in the case of State of Texas, ex rel, Ernest Wilke et al vs. Joe Stein, et al, and find that the same is not complete as required by law, and that changes have been made therein by writing in statements both with ink and pencil, which statements, as we see them, represent changes and not corrections in the transcript. We decline to agree to this transcript and the supplement thereto submitted as a statement of facts in this case. We are therefore turning back to you the original and the duplicate transcript in the same condition as the same were submitted to us. These material changes have been made subsequent to the time the carbon copy of the transcript was first presented to us.

"We do not agree that the clerk may detach maps from pleadings and use the same in the transcript, nor that original maps introduced in evidence shall be made part of the statement of facts instead of copies thereof."

After some further negotiations, Moursund delivered to Morriss a carbon copy of objections to the statement, accompanied by a letter reading: "I am handing you herewith the objections to the stenographer's transcript in the City of Fredericksburg case, which we intend to urge. Of course if any further changes have been made, or will be made, we may want to urge further objections. The enclosed, however, embodies the things which we found objectionable upon going over the transcript as the same appeared at that time. The furnishing of these objections, is not to be construed as waiving any rights our clients have to insist upon the filing of a legal statement of facts."

In regard to these objections, Moursund's affidavit states: "Appellees further say that it is incorrect as alleged by appellant that A. N. Moursund stated to the said Will A. Morriss, Jr., that he might advise Judge Runge that the copy of the objections so delivered to him constituted the objections of appellees to the statement of facts and that said Judge might act accordingly. On the contrary, *the said Will A. Morriss, Jr., was told that he might state to Judge Runge that these were the objections which the appellees intended to present at the proper time,* *unless further changes were made in the stenographer's transcript.* Appellees further say that the said Will A. Morriss, Jr., must have fully understood that appellees were not waiving anything and did not intend to waive anything, because when he first asked for a copy of the objections, the said A. N. Moursund did not agree to let him have it and finally only agreed with the express understanding that it would not constitute a waiver of any rights of the appellees. Appellees further say that the very last statement that was made by the said A. N. Moursund to the said Will A. Morriss, Jr., was the one in which he suggested that the said Will A. Morriss, Jr., follow the statute. That the said A. N. Moursund made no statement which could be construed as an agreement to waive any of the statutory requirements which he and his co-counsel had concluded should be complied with, instead of presenting to them, and insisting upon their consideration of the transcript in the form in which it was presented." (Italics ours.)

October 17th, Morriss presented the statement, the objections, and the October 15th letter to the judge, who allowed some of the objections, disallowed others, approved the statement, and ordered it filed. It was filed the same day.

These negotiations between the attorneys clearly constituted a waiver of the filing of the statement by the reporter. Appellees' attorney had every opportunty to make objections which such filing and notice thereof would afford; did make objections which were delivered to Morriss with the knowledge that they would be presented to the judge; and sent a message to the judge that "these were the objections which the appellees intended to present at the proper time, unless further changes were made in the stenographer's transcript." There is no claim that any further changes were made. and no showing whatever of any prejudice as a result of failure to follow the statutory requirements. If appellees' attorneys intended to insist upon the requirement for filing and notice, they should have refused to accept the statement as presented to them and to negotiate in regard thereto. Their conduct in these regards is as clear evidence of a waiver as would have been an express stipulation to that effect.

We might add that in view of the recent amendment of the article in question, we would return the statement to the district clerk and give the appellees further opportunity to submit objections to the trial judge, if there were any showing of prejudice. There is ample time now to pursue such course without delaying a decision in the case.

Absent such showing, the motion is overruled.

**Overruled.**